Oscar W. **PERSON**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans
Affairs, Appellee.

No. 92–774.

United States Court of Veterans Appeals.

Aug. 23, 1993.

Oscar W. Person, pro se.

James A. Endicott, Jr., Gen. Counsel,
Norman G. Cooper, Acting Asst. Gen.
Counsel, Thomas A. McLaughlin, Deputy
Asst. Gen. Counsel, and Paul J. Hutter,
Washington, DC, were on the pleadings,
for appellee.

Before KRAMER, FARLEY and
MANKIN, Judges.

FARLEY, Judge:

This is an appeal from an April 14, 1992,
decision of the Board of Veterans' Appeals
(BVA) which determined that no new and
material evidence had been submitted to
reopen a claim for service connection for a
seizure disorder. A timely appeal to this
Court followed. The Court has jurisdiction
pursuant to 38 U.S.C.A. § 7252(a) (West
1991). Because appellant has not submit-
ted new and material evidence since the
BVA's final disallowance of his claim in
October 1989, the BVA's April 1992 deci-
sion will be affirmed.

## I. BACKGROUND

Appellant had active service from Au-
gust 1940 to October 1945. In a decision
dated September 12, 1960, the BVA denied
appellant's claim for entitlement to service
connection for a seizure disorder. R. at
81–82. After considering each of the evi-
dentiary items of record, the BVA deter-
mined that they did not establish that ap-
pellant's seizure disorder was incurred in
or aggravated by service or that it was
demonstrated to a degree of 10% or more
within one year following his discharge.
*Id.* Since the BVA's September 1960 deci-
sion, appellant continually has submitted

additional evidence in support of his claim. However, in decisions dated August 1969, January 1980, September 1981, September 1983, May 1984, December 1985, and October 1989, the BVA denied entitlement to service connection for a seizure disorder on the basis that the additional evidence submitted by appellant did not create a "new factual basis" for allowing the claim.

In the April 14, 1992, decision presently on appeal before this Court, the BVA determined that no new and material evidence had been received since the BVA's October 1989 decision warranting a reopening of appellant's claim. *Oscar W. Person*, BVA 92–08801 (Apr. 14, 1992). A timely appeal to this Court followed.

## II. LAW

■■■ Pursuant to 38 U.S.C.A. § 7104(b) (West 1991), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." Similarly, when a claim is denied by a decision of the Department of Veterans Affairs (VA) Regional Office (RO), and the claimant fails to timely appeal that decision by filing a Notice of Disagreement and a substantive appeal within the one-year period prescribed in 38 U.S.C.A. § 7105(b)(1) (West 1991), that decision becomes final and the claim may not "thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with" title 38 of the United States Code. 38 U.S.C.A. § 7105(c) (West 1991). The exception to both finality rules is 38 U.S.C.A. § 5108 (West 1991) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary [of Veterans Affairs (Secretary)] shall reopen the claim and review the former disposition of the claim." (Emphasis added.) *See Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991); *see also Suttmann v. Brown*, 5 Vet.App. 127, 135–36 (1993) (applying to claims finally denied by RO under section 7105(c) the section 5108 provisions for reopening claims finally denied by BVA upon the submission of new and material

evidence). Therefore, once an RO or BVA decision becomes final under sections 7104(b) or 7105(c), absent the submission of new and material evidence, the claim cannot be reopened or readjudicated by the VA. 38 U.S.C.A. § 5108; *see also McGinnis v. Brown*, 4 Vet.App. 239, 243–45 (1993). Further, any such reopening or readjudication of a finally denied claim by the RO or the BVA in the absence of new and material evidence must be considered "in excess of statutory jurisdiction, authority, [and] limitations," and will be held "unlawful and set aside." *McGinnis*, 4 Vet. App. at 244 (citing 38 U.S.C.A. § 5108).

In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), issued before the BVA's decision on appeal to this Court but after all previous BVA decisions in this case which disallowed appellant's claim, this Court established that the BVA must perform a two-step analysis when a veteran seeks to reopen a claim based upon new evidence.

First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). This Court has defined new evidence as that which is not "merely cumulative of other evidence on the record" and material evidence as that which is "relevant [to] and probative of the issue at hand" and which presents "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both old and new, would change the outcome." *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991). In applying the first part of the *Manio* test, i.e., whether the evidence is "new and material" for purposes of reopening, the credibility of the evidence is to be presumed. *Justus v. Principi*, 3 Vet.App. 510, 512–13 (1992). The determination of whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C.A. § 5108 is a question of law which

this Court reviews de novo. *See Colvin*, 1 Vet.App. at 174.

## III. APPLICATION OF LAW TO FACTS

In each of its decisions after the original September 1960 denial of appellant's claim and before the April 1992 decision currently on appeal to this Court, the BVA denied entitlement to service connection for a seizure disorder on the basis that the evidence submitted by appellant since the previous BVA decision did not create a "new factual basis" warranting allowance of the claim. In the October 1989 decision, the BVA stated that it had considered all of the evidence submitted following each of the previous denials and specifically disallowed the claim on the merits: "Service connection for a seizure disorder is denied." *See* R. at 288.

 The additional evidence added to the record since the BVA's previous final disallowance of appellant's claim in October 1989 consists of: (1) hospital reports from North Carolina Memorial Hospital dated November 1960 and July 1973 (R. at 296, 301); (2) a statement from Dr. F.B. Bryant (R. at 290); (3) various personal statements (R. at 291, 297, 298, 304); and (4) a transcript of appellant's testimony at a personal hearing before the Regional Office (RO) dated July 1991 (R. at 309). Upon reviewing this evidence de novo, the Court finds that none of the evidence is new and material for purposes of reopening. *See Colvin, supra.* Each of the pieces of evidence is not "new" within the meaning of *Colvin,* since it is cumulative of information previously considered by the BVA in its earlier decisions. *See, e.g.,* R. at 129–31, 181, 246–49, 261. Accordingly, the BVA was correct in refusing to reopen appellant's claim based on the evidence submitted since the BVA's October 1989 final disallowance of his claim.

The Court notes that if it were authorized to review all of the evidence submitted since the BVA's original decision in September 1960, it may well have concluded that appellant had submitted new and material evidence to reopen his claim under part one of the *Manio* test. However, our review is limited by statute to those items added to the record after the previous final disallowance of appellant's claim, i.e., the BVA's October 1989 decision. *See* 38 U.S.C.A. § 5108; *see also McGinnis, supra.*

## IV. CONCLUSION

Upon consideration of the record, appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds, as a matter of law, that appellant has not submitted new and material evidence to reopen his claim for service connection for a seizure disorder under 38 U.S.C.A. § 5108. *See also McGinnis, supra; Colvin, supra; Manio, supra.* Accordingly, the BVA decision of April 14, 1992, is AFFIRMED.