**Elmer WINTERS, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–2180.**

United States Court of Veterans Appeals.

Feb. 17, 1999.

Elmer Winters, Sr., pro se.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Andrew J. Waghorn, were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

FARLEY, Judge:

This is an appeal from an October 1, 1997, decision of the Board of Veterans' Appeals (BVA or Board) which, inter alia, (1) found that new and material evidence had not been presented to reopen a claim for post-trau-

matic stress disorder (PTSD); (2) determined that a claim for service connection for peripheral neuropathy, including as a result of Agent Orange exposure, was not well grounded; and (3) denied entitlement to financial assistance in the purchase of an automobile. The appellant has submitted an informal brief and the Secretary has submitted a motion for summary affirmance. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the decision of the BVA.

## I. BACKGROUND

The appellant, Elmer Winters, served in the U.S. Army from April 1968 to November 1969. Record (R.) at 59. He is currently service connected for "schizophrenia, chronic undifferentiated type" rated at 100% disabling, as well as for residuals of a back injury, rated at 20%. See R. at 4. Claims for PTSD were denied by the BVA in 1987 on the basis that "a disability manifested by PTSD was not shown by the evidence then of record." See R. at 11 (the 1987 BVA decision was not included in the record on appeal). The appellant filed a claim for peripheral neuropathy in November 1994, alleging that the condition should be service connected by virtue of exposure to Agent Orange in Vietnam. R. at 299. The BVA found the claim to be not well grounded because the appellant had no current diagnosis of, nor has he ever been diagnosed with, peripheral neuropathy. R. at 9–10.

With respect to the PTSD claim, the BVA reviewed the evidence submitted since 1987, including lay testimony, (R. at 449), statements from the veteran, (R. at 299–302), private medical records, (R. at 140–67), VA medical records of inpatient and outpatient psychiatric treatment, (R. at 210–62, 349–66) and administrative records pertaining to the veteran's time in service (R. at 251–60). The BVA noted that although the evidence extensively discussed the appellant's treatment for schizophrenia, mostly in state mental and criminal facilities, none of the evidence provided a diagnosis of PTSD. The BVA concluded: "[T]he evidence associated with the claims file subsequent to the March 1987 Board decision, denying service connection for PTSD, does not tend to show that the veteran currently manifests PTSD, and therefore does not raise a reasonable possibility of changing the outcome of the claim on the merits." R. at 4.

This appeal followed. In his informal brief, the appellant argues that the BVA failed to apply the combat presumption found at 38 U.S.C. § 1154(b). He also states that a physician, Dr. Cupala, included in his diagnosis a statement that the appellant suffered from nightmares and flashbacks about Vietnam. The appellant further claims that VA failed to obtain medical records from the VA Medical Center at Wade Park regarding hemolytic anemia. The appellant did not press the financial assistance claim on appeal and, therefore, that claim will be deemed abandoned. See Williams v. Gober, 10 Vet.App. 447 (1997); Bucklinger v. Brown, 5 Vet.App. 435 (1993).

The Secretary responds in his motion that (1) the appellant has not met the criteria for a well-grounded claim for peripheral neuropathy; (2) the combat presumption is not a presumption of service connection and that a current diagnosis is still necessary; (3) although various treating physicians have noted the veteran's complaints of nightmares, none has diagnosed him with PTSD; and (4) the records regarding hemolytic anemia are irrelevant to the present appeal.

## II. ANALYSIS

### A. Claim for PTSD

#### 1. Reopening Finally Denied Claims

Where, as here, a final Board decision exists on a given claim, that claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered" by the Board. 38 U.S.C. § 7104(b). Similarly, when a claim is denied by the RO, and the claimant fails to timely appeal by filing an NOD within the one-year period following the decision as prescribed in 38 U.S.C. § 7105(b)(1), that decision becomes final and the claim may not "thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with" title 38 of the United States Code.

38 U.S.C. § 7105(c); *see also Person v. Brown*, 5 Vet.App. 449, 450 (1993) (failure to appeal an RO decision within the one-year period renders the decision final).

■ The exception to these rules states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." 38 U.S.C. § 5108; *see also* 38 U.S.C. § 7104(b); *Spencer v. Brown*, 4 Vet.App. 283, 286–87 (1993), *aff'd*, 17 F.3d 368 (Fed.Cir.1994); *Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991); *see generally Suttmann v. Brown*, 5 Vet.App. 127, 135–36 (1993) (applying § 5108 provisions for reopening final claims to RO decisions rendered final by operation of § 7105(c)). The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has specifically held that the Board may not consider a previously and finally disallowed claim unless new and material evidence is presented, and that before the Board may reopen such a claim, it must so find. *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed.Cir. 1996). "Moreover, once the Board finds that no such evidence has been offered, that is where the analysis must end." *Butler v. Brown*, 9 Vet.App. 167, 171 (1996).

### 2. *Manio Two–Step Becomes Three*

■ In *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991), we held that the Board must perform a two-step analysis when a veteran seeks to reopen a final decision based on new and material evidence. First, it must determine whether the evidence presented or secured since the last final disallowance is "new and material." *Id.* If it is, we held that the Board must then reopen the claim and "evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old." *Id.; see also Evans v. Brown*, 9 Vet.App. 273 (1996). Today, in *Elkins v. West*, 12 Vet. App. 209 (1999), the en banc Court essentially holds that the recent decision of the Federal Circuit in *Hodge v. West*, 155 F.3d 1356 (Fed.Cir.1998), requires the replacement of the two-step *Manio* test with a three-step test. Under the new *Elkins* test, the Secretary must **first** determine whether the veter-

an has presented new and material evidence under 38 C.F.R. § 3.156(a)(1998) in order to have a finally denied claim reopened under 38 U.S.C. § 5108. **Second**, if new and material evidence has been presented, immediately upon reopening the claim the Secretary must determine whether, based upon all the evidence of record in support of the claim, presuming its credibility, *see Robinette v. Brown*, 8 Vet.App. 69, 75–76 (1995), the claim as reopened (and as distinguished from the original claim) is well grounded pursuant to 38 U.S.C. § 5107(a). **Third**, if the claim is well grounded, the Secretary may then proceed to evaluate the merits of the claim but only after ensuring that his duty to assist under 38 U.S.C. § 5107(a) has been fulfilled.

The element added by *Elkins* today, a determination as to the well-groundedness of the newly reopened claim, is now necessary because, prior to *Hodge*, the requirements of a well-grounded claim were lower than the requirements of new and material evidence under the test announced in 1991 by *Colvin v. Derwinski*, 1 Vet.App. 171 (1991). *Robinette*, 8 Vet.App. at 76. Since only a "plausible" claim could satisfy the reasonable-possibility-of-a-change-in-outcome prong of *Colvin*, a conclusion that new and material evidence had been presented necessarily meant that the reopened claim was well grounded. *See also Wilkinson v. Brown*, 8 Vet.App. 263, 268 (1995); *Crowe v. Brown*, 7 Vet.App. 238, 247 (1994). As today's opinion in *Elkins* points out, however, *Hodge* has effectively "decoupled" the relationship between determinations of well-groundedness and of new and material evidence because it overruled the reasonable-possibility-of-a-change-in-outcome prong of *Colvin*, upon which the relationship was predicated. 12 Vet.App. at 214–15, 218. Thus, a reopened claim is not necessarily a well-grounded claim and, absent a well-grounded claim, the adjudication process must come to a screeching halt despite reopening because a claim that is not well grounded cannot be allowed and "VA assistance in claim development is conditional upon the submission of a 'well grounded' claim." *Epps v. Gober*, 126 F.3d 1464, 1468

(Fed.Cir.1997) *cert. denied, sub nom. Epps v. West,* —— U.S. ——, 118 S.Ct. 2348, 141 L.Ed.2d 718 (1998). If the claim is not well grounded, it necessarily follows that the section 5107(b) duty to assist never arises and the merits are not reachable.

### 3. Standard of Review

■ The Court today also holds in *Elkins* that "new-and-material-evidence determinations generally will now be reviewed under a deferential 'clearly erroneous' standard." 12 Vet.App. at 217–18. The term "generally" was deliberately chosen in order to leave open the possibility of review under another standard in those few cases where the "clearly erroneous" standard would be inappropriate. For instance, a de novo review will be employed where the Secretary may have erred in his legal interpretation of the statute, 38 U.S.C. § 5108, or regulation, 38 C.F.R. § 3.156. Similarly, a review under the "arbitrary, capricious, or abuse of discretion" standard would be more suitable in those situations where the Secretary's determination involved the exercise of judgment, discretion, and an abuse thereof.

■ Whether a claim is well grounded is an issue that this Court reviews de novo without deference to the BVA. *See* 38 U.S.C. § 7261(a)(1); *Grivois v. Brown,* 6 Vet.App. 136, 139 (1994); *Grottveit v. Brown,* 5 Vet.App. 91, 92 (1993) (citing *King v. Brown,* 5 Vet.App. 19, 21 (1993)).

### 4. Prejudicial Error and Futility

There is no question that *Hodge* changed the controlling law and that the *Colvin* test has been replaced by a less restrictive standard which places emphasis upon the language of 38 C.F.R. § 3.156(a). That provision requires only that the newly submitted evidence "bear[ ] directly and substantially upon the specific matter under consideration ... [and] be so significant that it must be considered in order to fairly decide the merits of the claim." It is for this reason that the Court today remands in *Elkins,* i.e., to permit the BVA to apply § 3.156(a) and *Hodge* and to determine if new and material evidence has been presented under this less restrictive test and, if so, to determine whether the newly reopened claim is well grounded.

■ The case presently before us presents for consideration two additional issues that are not present in *Elkins.* The first pertains to the rule of prejudicial error and the second to the principle that the law does not require a useless act. The Court is required by statute to "take due account of the rule of prejudicial error." 38 U.S.C. § 7261(b); *Luallen v. Brown,* 8 Vet.App. 92, 96 (1995) (where the BVA erred in purporting to dismiss the appellant's claim under 38 U.S.C. § 7105(d)(5) such error did not result in prejudice to the appellant, since the Court affirmed the BVA decision on other grounds); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991) (BVA's application of the wrong standard in evaluating a hearing loss claim was not prejudicial error warranting a favorable determination where the claim should not have been reopened in the first place); *see also Yabut v. Brown,* 6 Vet.App. 79, 84–85 (1993). Thus, even where the Court concludes that an error has been committed, it need not—indeed *must* not—vacate or reverse the BVA decision if *it is clear* that the claimant would have been unsuccessful irrespective of the error. Similarly, a remand is not required in those situations where doing so would result in the imposition of unnecessary burdens on the BVA without the possibility of any benefits flowing to the appellant. *See Soyini v. Derwinski,* 1 Vet.App. 540 (1991) (strict adherence to the requirement that the BVA articulate its reasons and bases does not "dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the [same unfavorable] result"); *see also Sabonis v. Brown,* 6 Vet.App. 426 (1994) (where the BVA failed to adjudicate an issue of clear and unmistakable error, but the appellant failed to raise the issue with the type of specificity required, there was no basis for a remand).

### 5. Application of Law to Facts

■ Both concepts are relevant under the facts of this case. The appellant's claim for PTSD was denied by the Board in 1987 on the ground that evidence of PTSD symptoms was not contained in the record and

that, therefore, the claim was not well grounded. In *Caluza v. Brown*, the Court held that for a claim to be well grounded, there generally must be (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of a disease or injury in service; and (3) medical evidence of a nexus between the asserted in-service injury or disease and the current disability. 7 Vet.App. 498, 506 (1995), *aff'd*, 78 F.3d 604 (Fed.Cir.1996) (table). The Federal Circuit gave its imprimatur to this interpretation of 38 U.S.C. § 5107(a) in *Epps v. Gober*, 126 F.3d at 1468, ("We adopt this definition as one that properly expresses the meaning of the statute"). With respect to PTSD claims, in addition to a current diagnosis and nexus, there must be evidence "(presumed credible for these purposes) of an in-service stressor, which in a PTSD case is the equivalent of in-service incurrence or aggravation." *Cohen v. Brown*, 10 Vet.App. 128, 137 (1997); *see also Moreau v. Brown*, 9 Vet.App. 389, (1996); 38 C.F.R. § 3.304(f). All the elements must be present for a PTSD claim to be well grounded. *See Cohen, supra*.

■ The evidence submitted since that 1987 decision included lay testimony and statements from the veteran, private medical records, VA records of inpatient and outpatient psychiatric treatment, and administrative records pertaining to the veteran's time in service. In its October 1, 1997, decision, the BVA found that the additional evidence failed to include any evidence of a diagnosis of PTSD. Applying the then-controlling *Colvin* test, the BVA concluded that new and material evidence had not been presented because the evidence did "not raise a reasonable possibility of changing the outcome of the claim on the merits." A review of the record reveals that the evidence proffered by the appellant extensively discusses his diagnoses and treatment for schizophrenia, but that none of the new evidence provides a diagnosis of PTSD. Thus, presuming the truthfulness of the evidence in support of the claim, *see Robinette, supra; Justus v. Principi*, 3 Vet.App. 510 (1992), even if the Court were to assume that the newly presented evidence was material under 38 U.S.C. § 5108 and 38 C.F.R. § 3.156(a) and were to assume further that the claim was reopened, *it is clear that* the reopened claim would still be not well grounded as a matter of law because of the *clear* absence from the total record of a required *Caluza* element.

■ Here, unlike in *Elkins*, even if the BVA were to conclude that new and material evidence had been submitted under *Hodge* and the appellant's claim were to be reopened, there simply is no way as a matter of law that he could prevail. Upon a review of all the evidence of record, the new as well as the old, in support of the claim, the Court concludes that *it is clear* that the appellant has not met and could not meet his burden under 38 U.S.C. § 5107(a) to submit a well-grounded claim because he has not submitted any evidence at any time showing that he has a current PTSD disability.

Under these circumstances, a remand would unnecessarily impose additional burdens upon the BVA with no possibility of any benefit flowing to the veteran. *See Soyini and Sabonis, both supra.* Further, even if the Court were to hold that the Board "erred" by its understandable failure to predict the downfall of *Colvin*, any such "error" would not have been prejudicial to the appellant's claim because *it is clear* that the claim would, again, not be well grounded. 38 U.S.C. § 7261(b). Accordingly, to the extent that it constituted a denial of benefits for PTSD under 38 U.S.C. § 7104(d)(2), the decision of the BVA must be affirmed. *See Laruan v. West*, 11 Vet.App. 80, 81, 86 (1998) (en banc) (affirming "order" portion of Board decision, "though the reasons given for the denial of relief by the Board were incorrect"); *Edenfield v. Brown*, 8 Vet.App. 384, 389, 391 (1995) (en banc) (Court affirms BVA decision though it incorrectly found the claim well grounded even where the Board had violated procedural requirements in unwarranted merits adjudication.)

### B. Claim for Peripheral Neuropathy

■ As noted before, the appellant has a responsibility to submit a well-grounded claim, which in general requires medical evidence of a current disability, evidence of an incurrence or aggravation of the disability in service, and medical evidence of a nexus

between the current disability and service. *Caluza,* 7 Vet.App. 498. Here, the appellant does not have a current diagnosis of peripheral neuropathy and, therefore, the first element of a well-grounded claim is missing. *See Caluza, supra.* Furthermore, the provisions of a well-grounded claim on a presumptive basis are inapplicable to the appellant. *See* 38 C.F.R. § 3.309 (1998); 38 U.S.C. § 1154(b); *see also Brock v. Brown,* 10 Vet. App. 155, 162 (1997) (diagnosis that a disease eligible for presumptive service connection was present within presumption period is sole element of a well-grounded claim for presumptive service connection). Service connection will be awarded automatically on a presumptive basis where the veteran served in Vietnam *and* has one of the enumerated diseases listed in 38 C.F.R. § 3.309. *See* 38 U.S.C. § 1116(a)(3); 38 C.F.R. § 3.307(a)(6)(iii)(1998). Even though peripheral neuropathy is included among the § 3.309 presumptive diseases, the requisite diagnosis of this condition is missing and, therefore, the appellant's claim cannot be well grounded on a presumptive basis.

### III. CONCLUSION

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance accepted in lieu of a brief, the Court holds that the appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal or remand. *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). The Court also is satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *Gilbert, supra.* Accordingly, the October 1, 1997, decision of the Board of Veterans' Appeals denying relief as to the claim for benefits for PTSD and finding the claim for peripheral neuropathy not well grounded is AFFIRMED.