**Anna Mae FULKERSON, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 94–304.

United States Court of Appeals for Veterans Claims.

March 24, 1999.

Before HOLDAWAY, IVERS, and GREENE, Judges.

---

**ORDER**

PER CURIAM:

The appellant, daughter of the deceased veteran Willett P. Fulkerson, appeals an April 7, 1994, Board of Veterans' Appeals (BVA or Board) decision which determined that she could not be recognized, for purposes of VA benefits, as a veteran's child who was permanently incapable of self-support before attaining the age of eighteen years. This appeal is timely and the Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a).

In the decision on appeal, the Board stated the following:

In July 1977, the RO denied a prior claim by the appellant's mother for entitlement to recognition of [the appellant] as the veteran's "child" in order to continue claiming her as a dependent beyond age eighteen for pension purposes, and the appellant's mother was notified of the decision [in] August 1977. Since [the] appellant was not the prior claimant and was not given notice of the prior decision, the Board will review her claim de novo.

R. at 6. The Board proceeded to a full analysis of all of the record evidence and a decision on the merits of the appellant's claim for pension benefits as filed in June 1991. See R. at 120–23.

In response to a per curiam order of this Court dated July 7, 1995, the appellant stated in a Memorandum of law that the RO had denied her claim for pension benefits in 1988 and that her June 1991 application was a resubmitted claim. Appellant's Memorandum of Law (Mem.) at 5–6. In his reply to the appellant's Memorandum, the Secretary agreed with this assessment and suggested that the appropriate adjudication at that time involved the question of whether she had submitted new and material evidence to re-open her claim. Secretary's Reply to Appellant's Mem. at 6. In response to an August 1997 Court order, the Secretary provided a supplemental record containing an application for pension benefits filed by the appellant in June 1988 (Supplemental (Suppl.) R. at 2–7), and a July 1988 letter from the RO notifying the appellant that VA could not "grant her claim for death benefits," and of her appellate rights (Suppl. R. at 9–10).

An RO action or determination regarding a claim for veterans benefits is final if no Notice of Disagreement is filed within one year of the date of the decision. See 38 U.S.C. §§ 511, 7105(b)(c). The claim underlying a final RO decision "will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with this title." 38 U.S.C. § 7105(c).

■ The Court has recognized two exceptions to the rule prohibiting reopening or allowing claims that have been finally decided in an RO decision: where clear and unmistakable error is found in a decision pursuant to 38 C.F.R. § 3.105(a), and where new and material evidence is presented pursuant to 38 U.S.C. § 5108. See Russell v. Principi, 3 Vet.App. 310, 312 (1992) (en banc). A question of clear and unmistakable error will only be adjudicated, and is only subject to appeal, if it is alleged. See Fugo v. Brown, 6 Vet.App. 40, 43–44 (1993). Since the appellant did not allege clear and unmistakable error in a prior decision, it has not been and is not now an issue in these proceedings. Therefore, in order to reopen her claim after the 1988 RO denial of that claim, the appellant would have had to submit new and material evidence. See 38 U.S.C. § 5108.

■ The evidence of the appellant's 1988 application for VA benefits and the RO letter denying those benefits was not part of the record when the Board made the decision now on appeal. Without knowledge of the earlier denial of the appellant's claim, the Board assumed jurisdiction to decide the appellant's claim on the merits. Nonetheless, "it is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case before adjudicating the merits, that a potential jurisdic-

tional defect may be raised by the court or tribunal, *sua sponte* or by any party, at any stage in the proceedings, and once apparent, must be adjudicated." *Barnett v. Brown,* 83 F.3d 1380, 1383 (Fed.Cir.1996). The question before the Court, then, is whether the case must be remanded to the Board for reconsideration as a claim to reopen a previously denied claim in light of the evidence contained in the supplemental record.

> The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals.... The Court shall have power to affirm, modify, or reverse a decision of the Board *or to remand the matter,* as appropriate.... Review in the Court shall be on the record of proceedings before the Secretary and the Board.

38 C.F.R. § 7252(a) and (b) (emphasis added). Coupling the Court's statutory authority to remand a matter with the requirement that a potential jurisdictional defect be adjudicated once it becomes apparent favors a decision to remand this case. The supplemental record indicates the existence of a jurisdictional defect, that is, that the appellant's claim had been denied by the RO in 1988, and the Board should have considered whether new and material evidence had been submitted to reopen the claim before proceeding to a merits analysis.

A remand is within the scope of the Court's statutory review authority. *See* 38 U.S.C. § 7261. To the extent necessary to its decision, the Court shall set aside BVA decisions that are "without observance of procedure required by law." 38 U.S.C. § 7261(a)(3)(D). Even though the stage in the proceeding at which the jurisdictional defect became apparent was when the case was on appeal to this Court, we find that the Board's April 1994 decision must be set aside to enable the Board to observe the procedure required by law for reopening final RO decisions.

On remand, the Board should take heed of recent developments in the law concerning new and material evidence and should apply the law accordingly. *See Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998); *Elkins v. West,* 12 Vet.App. 209 (1999) (en banc); *Winters v.*

*West,* 12 Vet.App. 203 (1999) (en banc). "[T]he appellant will be free to submit additional evidence and argument" on the remanded claim, and has a right to VA compliance with the terms of the remand order. *Elkins,* 12 Vet.App. at 219 (citing *Stegall v. West,* 11 Vet.App. 268, 271 (1998), and *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992)).

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion for leave to supplement her remand motion is granted, and her motion for remand as supplemented is denied, and it is further

ORDERED that the April 7, 1994, decision of the BVA is VACATED and this matter is REMANDED to the BVA for further adjudication consistent with the findings stated herein.