# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-742

ELIZABETH H. BONNER, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued March 15, 2005                    Decided    June 17, 2005   )

*Mark H. Bonner*, of Great Falls, Virginia, for the appellant.

*Christine M. Cote*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Michael A. Leonard*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before IVERS, *Chief Judge*, and GREENE, and HAGEL, *Judges*.

GREENE, *Judge*, filed the opinion of the Court.  HAGEL, *Judge*, filed a concurring opinion.

GREENE, *Judge*:   Mrs. Elizabeth H. Bonner, widow of veteran Emmet P. Bonner, appeals, through counsel, a September 27, 2001, Board of Veterans' Appeals (Board) decision that denied an effective date earlier than November 1994 for an award of dependency and indemnity compensation (DIC).  Record (R.) at 1-35.  Mrs. Bonner argues that under 38 U.S.C. § 5110(g), 38 C.F.R. § 3.313 (2004), and VA Office of General Counsel opinions she is entitled to an effective date of August 1975 for her DIC benefits.  Appellant's Brief (Br.) at 4-10.  She further maintains that the Board erred by ruling that her original service-connection claim in 1975 did not include a claim for non-Hodgkin's lymphoma.  *Id*.  The Secretary contends that the Board decision should be affirmed in that the Board had a plausible basis in the record for denying an effective date earlier than November 1, 1994.  He also asserts that the Board's decision was supported by an adequate statement of reasons or bases.  Secretary's Br. at 6-12.  For the reasons that follow, the Board decision will be affirmed.

## I. FACTS

Veteran Emmett P. Bonner served honorably in the U.S. Navy from June 1939 to April 1972, including service in World War II, the Korean Conflict, and Vietnam. R. at 38. In September 1972, he was awarded VA service connection for a hernia and hearing loss. R. at 189-90, 292. Mr. Bonner died on August 1, 1975. R. at 281. In September 1975, Mrs. Bonner filed an application for DIC and claimed that her husband died from cancer. R. at 276-79. Mr. Bonner's death certificate listed Hodgkin's disease as the cause of his death. R. at 281. An autopsy report from the National Naval Medical Center also noted that Mr. Bonner's death was caused by an "undifferentiated tumor, which was felt to be most consistent with Hodgkin's disease." R. at 288-89. A VA regional office (RO) denied her claim in February 1976 after finding that Mr. Bonner's Hodgkin's disease developed in January 1975, three years after his retirement from the Navy, and that in his service medical records there was no evidence of his having symptoms of that condition while in service. R. at 292. She did not appeal that decision. *See* R. at 1-744.

In October 1990, the Secretary promulgated VA regulation 38 C.F.R. § 3.313 (1991), which provided, as it does now, "[s]ervice in Vietnam during the Vietnam Era together with the development of non-Hodgkin's lymphoma manifested subsequent to such service is sufficient to establish service connection for that disease." 38 C.F.R. § 3.313(b). The effective date for this provision was August 5, 1964, the beginning date of the Vietnam era. *See McCay v. Brown*, 9 Vet.App. 183, 188 (1996); *see also* 55 Fed. Reg. 43,123 (Oct. 26, 1990). In February 1994, the VA General Counsel formally opined:

> An effective date for service connection of *non-Hodgkin's lymphoma* under 38 C.F.R. § 3.313 may generally be based on the date of receipt by the Department of Veterans Affairs of an original claim *for that benefit* filed on or after August 5, 1964, regardless of whether the claim had previously been denied, *if the claimant was otherwise eligible on the date of claim*.

VA Gen. Coun. Prec. 5-1994 (Feb. 18, 1994) [hereinafter G.C. Prec. 5-1994] (emphasis added). Also in February 1994, VA issued a regulation that stated, as it does now: "If a veteran was exposed to an herbicide agent during active military, naval, or air service, the following diseases shall be service-connected . . . even though there is no record of such disease during service." 38 C.F.R. § 3.309(e) (1994). Hodgkin's disease and non-Hodgkin's lymphoma were listed as diseases

2

presumed service connected under this regulation. *Id.* The effective date of that liberalizing regulation was February 3, 1994. 38 C.F.R. § 3.309(e); 59 Fed. Reg. 5106 (Feb. 3, 1994).

In November 1995, Mrs. Bonner informed the RO that a National Institutes of Health (NIH) oncologist had reviewed tissue samples and slides from Mr. Bonner's autopsy and had reviewed Mr. Bonner's service medical records. R. at 309. The oncologist diagnosed Mr. Bonner's tumor as "simulating Hodgkin's disease." R. at 302. The examiner also noted that "Immunohistochemical studies favor[ed] the diagnosis of non-Hodgkin's lymphoma." R. at 303. Mrs. Bonner asserted to the RO that, based upon this evidence, the earlier denial of her DIC claim was erroneous and that under 38 C.F.R. § 3.313, she was entitled to DIC effective in 1975, the year that she originally filed her DIC claim. *Id.* The RO considered the medical evidence and the February 1994 change in the law regarding presumptions of service connection for Hodgkin's disease and non-Hodgkin's lymphoma, and in a November 1995 decision stated:

> The veteran's death certificate showed the primary cause of death as Hodgkin's disease. No other conditions were shown as contributing to the cause of death. The letter from [Mrs. Bonner] indicated that the diagnosis of Hodgkin's disease by the National Naval Medical Center in Bethesda, [Maryland,] was in error. Mrs. Bonner indicated that a further study by the [NIH] indicated that in fact the disease was non-Hodgkin's lymphoma. The veteran served in the Republic of Vietnam during the Vietnam era, [and] is presumed to have been exposed to a herbicide containing dioxin (Agent Orange) while in Vietnam. Both Hodgkin's disease and non-Hodgkin's lymphoma may be caused by exposure to a herbicide containing dioxin. Therefore, service connection for cause of death is established.

R. at 312. The RO construed Mrs. Bonner's inquiries on this matter as an informal claim for review and found that the evidence showed Hodgkin's disease was the cause of Mr. Bonner's death. R. at 312-13. Mrs. Bonner was awarded DIC effective November 1995, the date of her informal claim for review. *Id.* Mrs. Bonner disagreed with the effective date, and, in a July 1996 Statement of the Case (SOC), the RO, under 38 C.F.R. § 3.114 (1995) (if a claim is reviewed at the request of the claimant more than one year after the effective date of the law or VA issue, benefits may be authorized for a period of one year prior to the date of receipt of such request), assigned an earlier effective date of November 1994. R. at 318-22. The RO ruled that Mrs. Bonner's reopened claim was filed more than a year after the liberalizing law authorizing a presumption of service connection

for Hodgkin's disease based on herbicide exposure was promulgated, and that, therefore, under 38 C.F.R. § 3.114(a)(3) she was entitled to an effective date one year prior to the date of her request for review. *See* R. at 320-22.

Mrs. Bonner appealed to the Board and argued that she should have received an effective date of August 1, 1975. R. at 324-39. The Board found:

> [B]ecause the RO construed the appellant's November 1995 claim as a request to conduct a *de novo* or new review of her original claim for DIC based on the same facts, i.e., cause of death from Hodgkin's disease, under liberalizing provisions[,] which now provided a presumption of service connection for Hodgkin's disease and thereby created a new cause of action, the RO was able to grant an earlier effective date of November 1, 1994, under the exception to the general rule governing the assignment of effective dates for awards based on liberalizing laws. . . . Therefore, the RO construed the appellant's claim in the way most beneficial to her because it permitted her to receive payment of DIC for a year prior to receipt of the November 1995 claim.

R. at 32-33. The Board also concluded that an effective date earlier than November 1, 1994, would not have been assigned had the RO determined that non-Hodgkin's lymphoma had caused Mr. Bonner's death. R. at 30-31. The Board stated:

> [E]ven assuming, without deciding, that the appellant's reading of [G.C. Prec. 5-1994] as providing "benefits under [§] 3.313(b) retroactively effective to the date of the original claim, regardless of whether the claim had been previously denied," is correct, the Board concludes that the previous denial in such a case must have been a denial of a claim for service connection of [non-Hodgkin's lymphoma], not a denial of service connection for another disease. Thus, the Board need not reach the issue of whether an effective date for an award of DIC based on the date of the appellant's original claim would have been warranted in this case had the RO awarded DIC in 1995 based on cause of death from [non-Hodgkin's lymphoma] under 38 C.F.R. § 3.313 because the denial of appellant's original claim in 1976 was a denial based on cause of death from Hodgkin's disease, not [non-Hodgkin's lymphoma].
>
> Concerning this, the Board notes that, by submitting evidence in 1995 to show that, based on a study done by experts at NIH in June 1995, the cause of the veteran's death was actually [non-Hodgkin's lymphoma] and not Hodgkin's disease, the appellant was not

4

requesting that the VA review her original claim under liberalizing laws enacted since the 1976 denial, but rather she was requesting that the VA reopen her original claim on a new factual basis – a factual basis other than the one on which the claim was considered in 1976. The latter is not a request for "review" of the same claim, i.e., the same *facts*, under a new law or new theory of legal entitlement but rather a request to reopen the original claim on a new factual basis as shown by new and material evidence submitted in 1995.

*Id*. This appeal followed.

## II. CONTENTIONS ON APPEAL

Mrs. Bonner argues that, under 38 U.S.C. § 5110(g), 38 C.F.R. § 3.313, and VA General Counsel opinions interpreting these provisions, she is entitled to a September 1975 effective date for her DIC. Appellant's Br. at 4-10. She maintains that her original claim for "cancer" in September 1975 (R. at 276-79) encompassed, under 38 C.F.R. § 3.313(b), a claim for non-Hodgkin's lymphoma. *Id*. Alternatively she contends that her DIC award based on Hodgkin's disease as the cause of her husband's death entitles her to an earlier effective date under *Nehmer v. U.S. Dep't of Veterans Affairs*, 32 F. Supp. 2d 1175 (N.D. Cal. 1999) [hereinafter *Nehmer II*]. *Id*. at 10. Finally, at oral argument before the Court, Mrs. Bonner asserted that in the interest of fairness and equity she should be awarded an effective date of 1975.

The Secretary asserts that there was a plausible basis in the record for the Board's determination that November 1, 1994, was the proper effective date for Mrs. Bonner's DIC. Secretary's Br. at 4, 6-12. He further maintains that the Board decision was supported by an adequate statement of reasons or bases. *Id*.

## III. ANALYSIS

Generally,"the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, [DIC], or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a); *see* 38 C.F.R. § 3.400 (2004). The effective date of a reopened claim is either the date of application to reopen or is established in accordance with the facts found,

whichever is later. *See Link v. West*, 12 Vet.App. 39, 46 (1998). Under 38 C.F.R. § 3.313(b), "[s]ervice in Vietnam during the Vietnam Era together with the development of non-Hodgkin's lymphoma manifested subsequent to such service is sufficient to establish service connection for that disease." The effective date for this provision is August 5, 1964, the beginning date of the Vietnam era. *See McCay*, 9 Vet.App. at 188; *see also* 55 Fed. Reg. 43,123 (Oct. 26, 1990). Additionally, VA regulation § 3.114(a) provides:

> (a) Effective date of award. Where pension, compensation, [or DIC], . . . is awarded or increased pursuant to a liberalizing law, or a liberalizing VA issue approved by the Secretary or by the Secretary's direction, the effective date of such award or increase shall be fixed in accordance with the facts found, but shall not be earlier than the effective date of the act or administrative issue. Where pension, compensation, [or DIC], . . . is awarded or increased pursuant to a liberalizing law or VA issue which became effective on or after the date of its enactment or issuance, in order for a claimant to be eligible for retroactive payment under the provisions of this paragraph the evidence must show that the claimant met all eligibility criteria for the liberalized benefit on the effective date of the liberalizing law or VA issue and that such eligibility existed continuously from that date to the date of claim or administrative determination of entitlement.
>
> (1) If a claim is reviewed on the initiative of VA within 1 year from the effective date of the law or VA issue, or at the request of a claimant received within 1 year from that date, benefits may be authorized from the effective date of the law or VA issue.
>
> (2) If a claim is reviewed on the initiative of VA more than 1 year after the effective date of the law or VA issue, benefits may be authorized for a period of 1 year prior to the date of administrative determination of entitlement.
>
> (3) If a claim is reviewed at the request of the claimant more than 1 year after the effective date of the law or VA issue, benefits may be authorized for a period of 1 year prior to the date of receipt of such request.

38 C.F.R. § 3.114(a)(1), (a)(2), (a)(3) (2004).

The Board's determination of an earlier effective date is reviewed under the "clearly erroneous" standard of review set forth in 38 U.S.C. § 7261(a)(4). *See Hanson v. Brown*, 9 Vet.App.

29, 32 (1996). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Brown v. Brown*, 4 Vet.App. 307, 309 (1993); *see also Harder v. Brown*, 5 Vet.App. 183, 189 (1993); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (emphasis added) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Of course, if the Board's "'account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it.'" *Gilbert*, 1 Vet.App. at 52 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)). In general, the effective date for an award of benefits will be based on the date of the claim that resulted in that award. *See Williams v. Principi*, 15 Vet.App. 189, 195 (2001) (en banc), *aff'd*, 310 F.3d 1374 (Fed. Cir. 2002); *Lalonde v. West*, 12 Vet.App. 377, 380 (1999).

The Board must provide an adequate statement of the reasons or bases for its decision. *Gilbert*, 1 Vet.App. at 56-57. An adequate statement of reasons or bases must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide reasons for its rejection of any material evidence favorable to the veteran. *See* 38 U.S.C. § 7104(d)(1); *Gabrielson v. Brown*, 7 Vet.App. 36, 39-40 (1994); *Gilbert*, 1 Vet.App. at 56-57.

## A. Effective Date for Hodgkin's Disease

The Board found that under § 3.114, the earliest possible effective date for Mrs. Bonner's claim was November 1, 1994. It is uncontested that Mrs. Bonner did not appeal the 1976 RO decision that denied DIC. *See* Appellant's Br.1-11; *see also* R. at 1-744. Therefore, that decision became final. *See* 38 U.S.C. § 7105(c); *see also Person v. Brown*, 5 Vet.App. 449, 450 (1993) (failure to file timely appeal of RO decision within one-year period renders decision final). Also, there is no dispute that Mrs. Bonner sent to the RO a letter in November 1995 (R. at 309) that the RO construed as an informal claim for review of her previously denied DIC claim (R. at 312-13). The RO and the Board reviewed Mrs. Bonner's DIC claim and, under the liberalizing law in 38 C.F.R. § 3.309(e) (presumption of service connection for Hodgkin's disease), which was promulgated in February 1994, awarded her DIC. R. at 312-13. As stated above, 38 C.F.R. § 3.114(a)(3) provides that, "[i]f a claim is reviewed at the request of the claimant more than 1 year after the effective date of the law or VA issue, benefits may be authorized for a period of 1 year prior

to the date of receipt of such request." *See McCay*, 9 Vet.App. at 188. Mrs. Bonner did not file her informal claim until more than one year after the liberalizing law that was enacted in February 1994, and, thus, the earliest possible effective date available to her for her DIC claim is November 1, 1994, the date awarded. Accordingly, viewing the record in its entirety, the Board had a plausible basis for its decision in this regard, and that decision thus is not clearly erroneous. Further, that decision is supported by an adequate statement of the reasons or bases. *See Hanson* and *Gilbert*, both *supra*.

Mrs. Bonner's argument that under *Nehmer II* she is entitled to an effective date before November 1, 1994, is unavailing. In May 1989, the United States District Court for the Northern District of California (District Court) "voided all benefit decisions made under [38 C.F.R. § 3.311a(d) (1986)]," *Nehmer v. United States Veterans' Admin.*, 712 F. Supp. 1404, 1409 (N.D. Cal. 1989) [hereinafter *Nehmer I*], and thereafter held in *Nehmer II* that *Nehmer I* had "voided those decisions in which the disease or cause of death is later found[,] under valid Agent Orange regulation(s)[,] to be service connected," *Nehmer II*, 32 F. Supp. 2d at 1183. The Agent Orange regulation at issue in the *Nehmer* proceedings, 38 C.F.R. § 3.311a, became effective on September 25, 1985. *See* 50 Fed. Reg. 34, 458 (Aug. 26, 1985). In *Williams v. Principi*, this Court held that a claimant was not entitled to an earlier effective date based upon her 1979 and 1985 claims because it was clear from *Nehmer I* and *Nehmer II* that the only claims voided were those that were denied between September 1985 and May 1989, the period when the invalidated regulation (38 C.F.R. § 3.311a(d)) was in effect. *Williams*, 15 Vet.App. at 195-97. In this case, Mrs. Bonner filed her original claim in 1975, 10 years before the promulgation of the regulation at issue in *Nehmer* was invalidated. Thus, *Nehmer I* and *Nehmer II* would not be applicable to Mrs. Bonner's claim, and she is therefore, not entitled to an effective date earlier than November 1, 1994, based upon the holdings in those cases. *See Williams*, *supra*.

B. Effective Date for non-Hodgkin's lymphoma

Mrs. Bonner further argues that, because she asserted that her husband died from "cancer" in her 1975 DIC claim, that claim necessarily included a claim for non-Hodgkin's lymphoma and that under 38 C.F.R. § 3.313 she is eligible for an earlier effective date. The United States Court of Appeals for the Federal Circuit and this Court have held that VA has a duty to develop fully and sympathetically a veteran's claim to its optimum and that VA is required to determine all potential

claims raised by the evidence, applying all relevant laws and regulations. *Moody v. Principi*, 360 F.3d 1306 (Fed. Cir. 2004); *Szemraj v. Principi*, 357 F.3d 1370 (Fed. Cir. 2004); *Bingham v. Principi*, 18 Vet.App. 470 (2004); *see also Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001). Where such a review "reasonably reveals that the claimant is seeking a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit or, if appropriate, to remand the issue to the RO for development and adjudication of the issue." *Suttmann v. Brown*, 5 Vet.App. 127, 132 (1993). When discussing the evidence needed to identify and support a claim or application for benefits, the Court, in *Robinette v. Brown*, held:

> That "evidence" means more than just information to be filled in on the application form, and that an application includes the form *plus evidence in support of the claim* flows not only from the plain meaning of the term but also from the VA Adjudication Procedure Manual, M21-1.

*Robinette*, 8 Vet.App. 69, 78 (1995) (emphasis added).

Mrs. Bonner listed "cancer" on her original DIC application as the cause of Mr. Bonner's death (R. at 276-79), and submitted a copy of his death certificate that expressly listed his cause of death as "Hodgkin's disease" (R. at 281). Mrs. Bonner also provided to the RO an autopsy report that stated: "A biopsy of [the abdominal mass] revealed an undifferentiated tumor, which was felt to be most consistent with Hodgkin's disease." R. at 289. Mrs. Bonner does not argue that Hodgkin's disease and non-Hodgkin's lymphoma are the same condition, and her assertion that the generic label of "cancer" necessarily included non-Hodgkin's lymphoma as a potential cause of her husband's death is not supported by the evidence of record. *See* R. at 281, 288-89, 292. At the time of the 1976 RO adjudication, the evidence established that Mrs. Bonner's claim was one for Hodgkin's disease as the cause of her husband's death, and, therefore, we cannot conclude that the evidence reasonably raised any claims for the cause of death by types of cancer other than Hodgkin's disease. *Compare Moody*, *Szemraj*, *Roberson*, and *Suttmann*, all *supra*. Because it was reasonable for the RO to rely on the then-competent medical evidence of record to identify the claim as one for Hodgkin's disease as the cause of death, the Board did not err by concluding that the denial of her claim in 1976 was based solely on the evidence that Hodgkin's disease caused Mr. Bonner's death. Thus, the 2001 Board correctly determined that Mrs. Bonner was not entitled to an effective date in

1975 under the interpretation of § 3.313 provided in G.C. Prec. 5-1994 because the previous denial of her claim must have been for a claim for service connection for non-Hodgkin's lymphoma, not for another disease.

Mrs. Bonner's evidence of non-Hodgkin's lymphoma as the cause of her husband's death was offered to the RO on November 1, 1995. Because the 1976 RO decision denying her claim was not appealed and had become final, the RO in 1995 treated that evidence as new and material evidence to reopen her claim. Thereafter, the RO again determined that the evidence of record revealed Hodgkin's disease as the cause of Mr. Bonner's death. R. at 312-13. The Board did not disturb the RO's finding as to the cause of Mr. Bonner's death (*See* R. at 1-35), and, consequently, the cause-of-death finding remained Hodgkin's disease. The Court reviews such findings under the "clearly erroneous" standard of review. *See Brown, Harder,* and *Gilbert*, all *supra*. A review of the record in its entirety reveals that the Board had a plausible basis to find that the cause of Mr. Bonner's death was Hodgkin's disease. *Id.* Thus, that finding is not clearly erroneous. *Id.*

The Board also considered the possibility of non-Hodgkin's lymphoma as the actual cause of Mr. Bonner's death, but found that any such claim would be a claim to reopen Mrs. Bonner's original claim on a new factual basis as shown by new and material evidence submitted in 1995. R. at 16-18, 23-33. The Board concluded that even if she had prevailed on that claim, Mrs. Bonner still would not be entitled to an effective date earlier than November 1, 1994. *Id.* Under 38 U.S.C. § 5110(a), "the effective date of an award based on an original claim [or] a claim reopened after final disallowance . . . shall be fixed in accordance with the facts found, but *shall not be earlier than the date of receipt of application therefor*." *See also* 38 C.F.R. § 3.400 (emphasis added). Because Mrs. Bonner presented new and material evidence to VA concerning a potential change in diagnosis of the cause of her husband's death, that claim must necessarily be considered a reopening, based on new and material evidence, of her previously denied claim. Accordingly, the effective date of any award based upon non-Hodgkin's lymphoma cannot be earlier than the date of receipt of that application or claim, here, November 1, 1995, and the Board did not err in so holding. *Perry v. West*, 12 Vet. App. 365 (1999).

10

## C. Equitable Relief

Mrs. Bonner's plea for equitable relief in this matter is not unnoticed. This Court, however, may not award equitable relief, no matter how compelling the facts. *See Moffitt v. Brown*, 10 Vet.App. 214, 225 (1997). On the other hand, the Secretary, in appropriate cases, has that authority. *See* 38 U.S.C. § 503(a); *Zimick v. West*, 11 Vet.App. 45, 50-51 (1998) (explaining that Secretary's authority to grant equitable relief under section 503 is wholly within Secretary's discretion and Court lacks jurisdiction to review exercise of Secretary's equity discretion); 38 C.F.R. § 2.7 (2004). Specifically, section 503 provides:

> If the Secretary determines that benefits administered by the Department have not been provided by reason of administrative error on the part of the Federal Government or any of its employees, the Secretary may provide such relief on account of such error as the Secretary determines equitable, including the payment of moneys to any person whom the Secretary determines is equitably entitled to such moneys.

38 U.S.C. § 503(a). Therefore, Mrs. Bonner may wish to petition the Secretary for relief under section 503(a), and the Secretary will certainly give it every consideration. *See Zimick*, *supra*.

## IV. CONCLUSION

Upon consideration of the foregoing, the September 27, 2001, decision of the Board is AFFIRMED.

HAGEL, Judge, concurring: Although I concur in the result of this opinion, I respectfully disagree with the reasoning employed by the majority in part III.B regarding Mrs. Bonner's claim for service connection for non-Hodgkin's lymphoma under 38 C.F.R. § 3.313. In my view, the Court need not reach the issue of whether Mrs. Bonner's claim for "cancer" in her 1975 DIC application included a claim for non-Hodgkin's lymphoma because in order to prevail on her claim for an earlier effective date for DIC pursuant to § 3.313 the evidence must be at least in equipoise in support of her position that her husband died of non-Hodgkin's lymphoma, and the Court correctly determined, albeit without detailed explanation, that the VA finding that he died of Hodgkin's disease is not "clearly erroneous." *Ante* at 10; *see* 38 U.S.C. § 5107(b).

11

As set forth in the opinion above, the VA finding regarding the cause of death is a question of fact, which the Court cannot overturn absent a determination that it is clearly erroneous. *Ante* at 10; 38 U.S.C. § 7261(a)(4)*; see Turner v. Brown,* 6 Vet.App. 256, 258 (1994). In 1976, VA concluded that Mr. Bonner's cause of death was Hodgkin's disease. R. at 292. The regional office readjudicated the claim in 1995 but did not alter its finding regarding the cause of death, and the Board did not disturb the regional office's finding. R. at 1-35, 312-313. Although the majority does not address the evidence of record presented by Mrs. Bonner that her husband died of non-Hodgkin's lymphoma, I believe that the record contains some evidence that Mr. Bonner died as a result of non-Hodgkin's lymphoma but that it also contains evidence that he died from Hodgkin's disease. The Naval Medical Center's 1975 autopsy report states that Mr. Bonner had an "abdominal mass" that was most consistent with Hodgkin's disease lymphocyte depletion type. R. at 274. But that report also notes that "this is a rare type of Hodgkins" making up only 2% of all cases, and it is found in patients "frequently present with fever and night sweats, and rarely present with a mass." *Id.* In the June 19, 1995, National Institutes of Health report, an oncologist concludes that "[i]mmunohistochemical studies favor the diagnosis of non-Hodgkin's lymphoma" but also notes that Mr. Bonner's tumor contained cells which "simulat[ed] Hodgkin's disease." R. at 302-03. Both of these diagnoses are couched in terms of likelihood and probability. Because the National Institutes of Health report notes that Mr. Bonner's tumor simulated Hodgkin's disease and only "favors" the diagnosis of non-Hodgkin's lymphoma, it was not clearly erroneous for VA to find that this evidence is not in equipoise with the Naval Medical Center diagnosis of Hodgkin's disease. 38 U.S.C. § 5107(b).

Because the Board did not disturb the VA finding that Mr. Bonner died of Hodgkin's disease and because this Court has not overturned that determination, Mrs. Bonner's argument for an earlier effective date for DIC under 38 C.F.R. § 3.313 is unavailing. Given that the evidence of record does not establish that Mr. Bonner died from non-Hodgkin's lymphoma, the issue of the breadth of Mrs. Bonner's initial claim for benefits is not, in my view, properly before us at this time. Consequently, I believe that it was unnecessary for the majority in part III.B to reach the question of whether a previously denied application for service connection for "cancer" may include a claim for non-Hodgkin's lymphoma pursuant to G.C. Prec. 5-1994 and § 3.313. *Ante* at 8-10.