NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ADRIANA HUNTER,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

———————————

2013-7114

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2645, Chief Judge Bruce E. Kasold.

———————————

Decided: November 6, 2013

———————————

ADRIANA HUNTER, of Vista, California, pro se.

JESSICA R. TOPLIN, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and RACHAEL T. BRANT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before LOURIE, DYK, and WALLACH, *Circuit Judges.*

PER CURIAM.

Adriana Hunter appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") that Ms. Hunter is not entitled to an effective date earlier than September 25, 1985, for an award of dependency and indemnity compensation ("DIC"). *Hunter v. Shinseki*, No. 11-2645, 2013 WL 1668236, at *1 (Vet. App. Apr. 18, 2013). We *affirm*.

## BACKGROUND

Adriana Hunter is the surviving spouse of Walter R. Hunter, a Marine Corps veteran who served in the Vietnam War. Mr. Hunter died on January 24, 1980, from cancer (metastatic malignant fibrous histiocytoma). This soft tissue sarcoma most likely resulted from Mr. Hunter's exposure to the Agent Orange herbicide while serving in Vietnam.

In February 1980, Ms. Hunter applied for a determination of service connection for Mr. Hunter's death in order to receive DIC benefits on behalf of herself and her children. On April 10, 1980, the Department of Veterans Affairs ("VA") regional office ("RO") denied her claim finding insufficient evidence to connect her husband's illness to his service in Vietnam. Ms. Hunter did not appeal. In 1991, the Agent Orange Act was enacted and Ms. Hunter filed a new DIC claim based on the 1991 statute and the implementing regulations. This statute and accompanying regulations modified the presumption of herbicide exposure for veterans who served in Vietnam. Agent Orange Act of 1991, 38 U.S.C. § 1116; 38 C.F.R. § 3.311a. Accordingly, the RO awarded

Ms. Hunter DIC benefits, assigning her an effective date of September 25, 1985. This date was established by the regulations as the effective date of the 1991 statute. Claims Based on Exposure to Herbicides Containing Dioxin (Soft-Tissue Sarcomas), 56 Fed. Reg. 51,651 (Oct. 15, 1991) (codified at 38 C.F.R. § 3.311a)

Ms. Hunter appealed to the Board, arguing that the effective date of her benefits should be her husband's 1980 death. On December 28, 1994, the Board denied Ms. Hunter's request for an earlier effective date. Ms. Hunter did not appeal to the Veterans Court, and the Board's December 1994 decision became final.

In August 2007, Ms. Hunter filed a new claim with the RO that renewed her request for an earlier effective date of DIC benefits. However, the RO denied her claim for earlier effective date, and both the Board and Veterans Court affirmed. Ms. Hunter timely appealed to this court, and we have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

The amendment to 38 C.F.R. § 3.311a concerning service connection for soft-tissue sarcomas, like the 1991 statute on which it was based, was a liberalizing provision. *See Spencer v. Brown*, 17 F.3d 368, 372 (Fed. Cir. 1994) (defining a "liberalizing law" as "one which brought about a substantive change in the law creating a new and different entitlement to a benefit"). Under 38 U.S.C. § 5110(g), the effective date of an award under a liberalizing law "shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the [liberalizing] Act or administrative issue." In *Williams v. Principi*, 310 F.3d 1374 (Fed. Cir. 2002), we construed § 5110(g) to mean, "the effective date [of an award of DIC benefits] cannot be earlier than the [effective] date of the liberalizing act or issue." *Id.* at 1378. Because § 3.311a was a liberalizing provision, Ms.

Hunter cannot recover an award of DIC benefits prior to September 25, 1985, the effective date of the 1991 amendment to § 3.311a.[1]

## AFFIRMED

### COSTS

No costs.

---

[1] In general, requests to reopen claims must be based on clear and unmistakable error ("CUE") or new and material evidence. *Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002). Ms. Hunter's effort to reopen her 1994 appeal fits in neither category. Thus, the Secretary of Veterans Affairs argues that Ms. Hunter's appeal constitutes an unauthorized "freestanding appeal." **[RB16].** As the Veterans Court affirmed, "Mrs. Hunter's current claim for an earlier effective date [indeed] constitutes an unauthorized freestanding claim." *Hunter v. Shinseki*, No. 11-2645, 2013 WL 1668236, at *1 (Vet. App. Apr. 18, 2013) (citing *Rudd v. Nicholson*, 20 Vet. App. 296, 300 (2006) (dismissing the plaintiff's re-initiation of her claim for an earlier effective date because this claim was not made on appeal from the Board's original decision and therefore constituted a "freestanding claim" that "vitiates the rule of finality")). Because we hold that Ms. Hunter presents no viable claim, we do not reach this issue.